## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE INDEPENDENCE PROJECT, INC. ) | | |
| ) | | |
| Plaintiff ) | Civil Action No.: 18-cv-03076-WB | |
| ) | | |
| v. ) | | |
| ) | | |
| HONG FA, LLC ) | | |
| ) | | |
| Defendant ) | | |

### DEFENDANT HONG FA, LLC'S ANSWER TO PLAINTIFF THE INDEPENDENCE PROJECT, INC.'S COMPLAINT

Defendant HONG FA, LLC (hereinafter, "Defendant"), by and through its undersigned counsel, James L. Pearl, Esquire, for its answer to Plaintiff The Independence Project, Inc.'s (hereinafter, "Plaintiff") Complaint, defends and says as follows:

1. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, the allegations of this paragraph are denied and strict proof thereof, if relevant, is demanded at trial.

2. Admitted.

3. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

4. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

5. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph with respect to Dennis Maurer's (hereinafter, "Maurer") residency, disability, impairment and/or status as a member of Plaintiff; therefore, these allegations are denied and strict proof thereof, if relevant, is demanded at trial. The remaining allegations of this paragraph are also denied as conclusions of law to which no responses are required.

6. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph with respect to Plaintiff's non-profit status, state of incorporation, membership, and/or or purpose; therefore, these allegations are denied and strict proof thereof, if relevant, is demanded at trial. The remaining allegations of this paragraph are also denied as conclusions of law to which no responses are required.

7. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, the allegations of this paragraph are denied and strict proof thereof, if relevant, is demanded at trial.

8. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

9. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

10. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual,

strict proof thereof, if relevant, is demanded at trial.

11. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

12. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

13. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

14. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

15. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

16. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

17. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual, strict proof thereof, if relevant, is demanded at trial.

18. Denied. The allegations of this paragraph are conclusions of law to which no responses are required. To the extent, however, the allegations of this paragraph are factual,

strict proof thereof, if relevant, is demanded at trial.

WHEREFORE, Defendant respectfully request that judgment be entered in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded such other relief which this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claims against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff does not have any claims for relief against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has incurred no damages cognizable by law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of intervening or superseding conduct by Plaintiff or third parties over which Defendant had no responsibility or control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join indispensible parties to this action.

### SIXTH AFFIRMATIVE DEFENSE

The building (hereinafter, the "Building") located on the property at 320 Oregon Avenue, Philadelphia, Pennsylvania 19148 is leased by Plaintiff to New Oregon Market, Inc. and Oregon Investments, LLC (hereinafter, "Oregon Investments") and upon information and belief, Oregon Investments has also entered into subleases and/or other agreements for the lease and/or use by other parties, including Pho Ha Saigon Restaurant, of parts of the Building which are leased to

Oregon Investments, all of which entities and/or parties are responsible for Plaintiff's damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor Maurer has standing to bring this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff does not have any claims for relief against Defendant under the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), the 1991 ADA Accessibility Guidelines (hereinafter, "ADAAG"), the ADA Amendments Act of 2008 (hereinafter, the "Amendments") and/or the 2010 ADA Standards for Accessible Design (hereinafter, the "Standards").

## NINTH AFFIRMATIVE DEFENSE

The removal of any of the architectural barriers at the Property as alleged by Plaintiff to be in violation of the ADA, ADAAG, the Amendments and/or the Standards is not readily achievable.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded such other relief which this Honorable Court deems appropriate.

Respectfully Submitted,

Date:  September 4, 2018	/s/ James L. Pearl
James L. Pearl, Esquire
Attorney I.D. No. 82374
1500 John F. Kennedy Boulevard, Suite 900
Philadelphia, Pennsylvania 19102
(215) 586-4422
Attorney for Defendant HONG FA, LLC

## CERTIFICATE OF SERVICE

I, James L. Pearl, Esquire, hereby certify that on September 4, 2018, I sent a true and correct copy of Defendant HONG FA, LLC's Answer to Plaintiff The Independence Project, Inc.'s Complaint via email to the following:

>David S. Dessen, Esquire
>Dessen, Moses & Rossitto
>600 Easton Road
>Willow Grove, Pennsylvania 19090

>/s/ James L. Pearl
>James L. Pearl, Esquire
>Attorney I.D. No. 82374
>1500 John F. Kennedy Boulevard, Suite 900
>Philadelphia, Pennsylvania 19102
>(215) 586-4422
>Attorney for Defendant HONG FA, LLC